[688 NYS2d 611]

In the Matter of BABATUNDE G. TINUBU (Admitted as BABATUNDE GBADEBO TINUBU), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 19, 1999

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Ronald Cohen,* New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition containing five charges of professional misconduct against him. The Special Referee sustained all five charges. The Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent joins in the motion to confirm and requests that the sanction imposed be limited to an admonition or a censure.

Charge One alleged that the respondent converted funds entrusted to him as a fiduciary incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

The respondent represented the seller, identified in the petition only as Todd, in a real estate transaction. On June 26, 1995, he deposited the $3,000 down payment into his Citibank Interest on Lawyer Account (hereinafter IOLA account). Prior to any disbursement from his IOLA account related to the Todd transaction, the balance in that account fell below the $3,000 required to be maintained on behalf of the seller on at least six occasions. The balances were:

(1) $2,419.77 on July 11, 1995,

(2) $743.73 on September 29, 1995,

(3) $1,783.67 on October 5, 1995,

(4) $2,212.43 on November 14, 1995,

(5) $2,051.13 on December 15, 1995, and

(6) $1,941.13 on December 18, 1995.

On or about February 2, 1996, the respondent issued a $3,000 check from his IOLA account payable to Lucien Zarnowski, Esq., bearing the notation "refund of downpayment Todd to Cabeche".

Charge Two alleged that the respondent engaged in a pattern of commingling funds entrusted to him as a fiduciary,

incident to his practice of law, with personal funds, in violation of Code of Professional Responsibility DR 9-102 (A) and (E) (22 NYCRR 1200.46 [a], [e]).

Between January 1995 and April 1997, the respondent deposited personal funds into his IOLA account on numerous occasions. Between January 1995 and April 1997, the respondent wrote checks against his IOLA account for personal purposes. Between January 1995 and April 1997, the respondent made at least 139 cash withdrawals totalling $14,161 from his IOLA account, using an ATM card.

Charge Three alleged that the respondent failed to maintain a record of all deposits to and withdrawals from his IOLA account, in violation of Code of Professional Responsibility DR 9-102 (C) (3) and (D) (1) and (2) (22 NYCRR 1200.46 [c] [3]; [d] [1], [2]).

The respondent failed to maintain a complete record of deposits and withdrawals in an IOLA account ledger book or similar record between January 1995 and April 1997.

Charge Four alleged that the respondent made a false certification with the Office of Court Administration (hereinafter OCA) in violation of Code of Professional Responsibility DR 1-102 (A) (4). (22 NYCRR 1200.3 [a] [4]).

In or about April 1995, the respondent filed a registration statement with OCA falsely certifying that he was in compliance with Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Five alleged that the respondent engaged in conduct adversely reflecting upon his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), based on all of the allegations of the petition.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained all five charges of professional misconduct. The Grievance Committee's motion to confirm the Special Referee's report, as joined in by the respondent, is granted.

In determining an appropriate measure of discipline to impose, we have considered the evidence offered by the respondent in mitigation, including the absence of prior discipline and the absence of monetary loss or harm to clients. The Grievance Committee discovered the respondent's bookkeeping lapses long afterwards when a check for a $70 filing fee issued to the Immigration and Naturalization Service was returned

for insufficient funds because a corresponding deposit had not been made. While conceding that the charges of misconduct against him are not trivial, the respondent attributes them to poor accounting practices rather than to intentional wrongdoing.

Under the particular circumstances of this case, the respondent is suspended from the practice of law for one year.

BRACKEN, J. P., O'BRIEN, RITTER, SANTUCCI and McGINITY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Babatunde G. Tinubu, is suspended from the practice of law for a period of one year, commencing May 19, 1999, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Babatunde G. Tinubu, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.